**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 110168

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gregory Hatch, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>CAC Financial Corp,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION--COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Gregory Hatch, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against CAC Financial Corp (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and the Bankruptcy Law, 11 U.S.C. § 524.

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Gregory Hatch is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant CAC Financial Corp, is a Oklahoma Corporation with a principal place of business in Oklahoma County, Oklahoma.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the debt").

11. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the letter") dated February 4, 2016. (**Exhibit 1.**)

15. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. Defendant owns and/or operates the website http://cacfinancial.com/ ("Defendant's website").

17. Defendant owns and/or operates the websites http://paycacfinancial.com/ and https://cacfinancial.virtualcollector.net. ("Defendant's payment portal").

18. Defendant's website is a "communication" as defined by 15 U.S.C. § 1692a(2).

19. Defendant's payment portal is a "communication" as defined by 15 U.S.C. § 1692a(2).

20. The letter directed Plaintiff to Defendant's payment portal.

21. On or about March 9, 2016, Plaintiff filed a Chapter 7 Voluntary Petition in the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

United States Bankruptcy Court, for the Eastern District of New York.

22. The debt was included in the Petition.

23. The Petition was mailed to Defendant.

24. Defendant was put on notice of the Petition.

25. Defendant had notice of the Petition.

26. On or about June 21, 2016, Plaintiff was granted a complete discharge of the debt.

27. The Discharge was mailed to Defendant.

28. Defendant was put on notice of the Discharge.

29. Defendant had notice of the Discharge.

30. Despite the Discharge, Defendant has continued to attempt to collect the debt.

31. Despite the Discharge, Defendant's website indicates Defendant has an "account" for the debt.

32. Despite the Discharge, Defendant's payment portal indicates Defendant has an "account" for the debt.

33. Despite the Discharge, Defendant's payment portal indicates that Plaintiff has a "Current Balance of $2,174.42" for the debt.

34. Despite the Discharge, Defendant's payment portal offers Plaintiff payment plans for the debt.

35. Despite the Discharge, Defendant's payment portal allows Plaintiff to accept the payment plans for the debt.

36. Despite the Discharge, Defendant's payment portal allows Plaintiff to schedule payments for the debt.

37. Despite the Discharge, Defendant's payment portal allows Plaintiff to enter his credit card information for payment of the debt.

38. Despite the Discharge, Defendant's payment portal accepts payments.

39. Despite the Discharge, Defendant's payment portal generates "receipts" for payments of the debt.

40. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from using any false, deceptive or misleading representation of the character, amount, or legal status of any debt.

41. 15 U.S.C. § 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

42. 15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

43. Defendant's conduct, as described herein, is a violation of 15 U.S.C. § 1692e.

44. Defendant's conduct, as described herein, is a violation of 15 U.S.C. § 1692e(2)(A).

45. Defendant's conduct, as described herein, is a violation of 15 U.S.C. § 1692e(5).

46. Defendant's conduct, as described herein, is a violation of 15 U.S.C. § 1692e(10).

47. 11 U.S.C. § 524(a) provides that a discharge of a debt in bankruptcy operates as an injunction against any act to collect any such debt.

48. Defendant's conduct, as described herein, is a violation of 11 U.S.C. § 524(a).

## CLASS ALLEGATIONS

49. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a discharged consumer debt, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's conduct violates the FDCPA and Bankruptcy Law, and asks that the Court award damages.

50. Defendant regularly engages in debt collection, using the same conduct described herein as to Plaintiff, in its attempt to collect consumer debts from other persons.

51. The Class consists of more than 35.

52. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

53. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

54. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

55. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representatives of the Class, and his attorneys as Class Counsel; and

    c. Find that Defendants' actions violate the FDCPA; and

    d. Find that Defendants' actions violate the Bankruptcy Law

    e. Grant damages against Defendants pursuant to the FDCPA, 15 U.S.C. § 1692k; and

    f. Grant damages against Defendants for violations of the Bankruptcy Law; and

    g. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    h. Grant Plaintiff's costs; together with

    i. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: January 24, 2017

                        **BARSHAY SANDERS, PLLC**

                        By: /s/ *Craig B. Sanders*
                        Craig B. Sanders, Esq.
                        100 Garden City Plaza, Suite 500
                        Garden City, New York 11530
                        Tel: (516) 203-7600
                        Fax: (516) 706-5055
                        csanders@barshaysanders.com
                        *Attorneys for Plaintiff*
                        Our File No.: 110168